Oscar R. Micklethwait and Laura A. Micklethwait, husband and wife v. Commissioner. Frank E. Wood v. Commissioner.
Micklethwait v. Commissioner
Docket Nos. 111351, 111485.
United States Tax Court
1943 Tax Ct. Memo LEXIS 262; 2 T.C.M. (CCH) 223; T.C.M. (RIA) 43270; June 8, 1943
*262 Held, certain distributions did not constitute liquidating dividends under section 115 of the Revenue Act of 1938. Milton H. Schmidt, Esq., for the petitioners. Melvin S. Huffaker, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: In Docket No. 111351, Oscar R. and Laura A. Micklethwait, the copy of the notice of deficiency attached to the petition shows that a deficiency in the amount of $437.62 was determined for the years 1938, 1939 and 1940. No copy of the statement which was attached to the notice of deficiency was submitted as part of the petition or at any time during the hearing. In their petition, the petitioners state that the taxes in controversy are for the calendar years 1938 and 1939 in amounts of approximately $50 and $330, respectively. In the Commissioner's answer it is admitted that the taxes in controversy are income taxes for the years 1938 and 1939 and alleged that they are in the respective amounts of $53.42 and $339.37. Neither in the stipulation of facts nor in the oral testimony were the correct amounts of the deficiencies in controversy or the method pursued in computing them admitted or established. In Docket No. 111483, Frank *263 E. Wood, the same situation obtains. The copy of the notice of deficiency attached to the petition indicates a determination of deficiencies for the years 1938 and 1939 in the aggregate amount of $977.70. The petition states that the taxes in controversy were for the years 1938 and 1939 and in the respective amounts of $62 and $382. In his answer the Commissioner admits that the taxes in controversy are income taxes for the years 1938 and 1939 and alleges that the amounts in controversy are $138.95 and $838.75, respectively. Neither in the stipulation of facts nor in the supplementing oral testimony were the correct amounts of the deficiencies and the method of computation established. Although these deficiencies in the record can be corrected in the computation under Rule 50 consequent on this opinion, their existence makes the consideration of the cases more difficult for the Court. At the hearing the following stipulation of facts was filed: [The Facts] 1. The petitioners, Oscar R. Micklethwait and Laura A. Micklethwait, husband and wife, are residents of the City of Portsmouth, State of Ohio, and the petitioner, Frank E. Wood, is a resident of the City of Cincinnati, *264 State of Ohio. 2. The petitioners filed income tax returns for the calendar years 1938 and 1939 with the Collector of Internal Revenue for the First District of Ohio, at Cincinnati, Ohio. 3. The petitioners, throughout the years 1938 and 1939, were stockholders of Carrs Fork Coal Company, a corporation organized under the laws of the State of Kentucky, with its mines in Kentucky and its offices in Portsmouth, Ohio. 4. On May 31, 1938, the Carrs Fork Coal Company paid to its stockholders a dividend in the amount of $19,180, this being equivalent to 5 per cent of the par value of the company's capital stock. Of this amount petitioners Oscar R. Micklethwait and Laura A. Micklethwait received the sum of $6,137.50, and petitioner Frank E. Wood received the sum of $1,525. 5. On December 23, 1939, the Carrs Fork Coal Company paid to its stockholders a dividend in the amount of $19,180, this being equivalent to 5 per cent of the par value of the company's capital stock. Of this amount petitioners Oscar R. Micklethwait and Laura A. Micklethwait received the sum of $6,137.50, and petitioner Frank E. Wood received the sum of $1,525. 6. The payments in both 1938 and 1939 were made pursuant *265 to resolutions duly adopted by the board of directors of the Carrs Fork Goal Company, the resolution in 1938 having been adopted on May 25, 1938, and the resolution in 1939 having been adopted June 1, 1939. 7. Net earnings and profits of the Carrs Fork Coal Company for the entire year 1938 were $2,370.74, and for the entire year 1939, were $19,810.89. 8. As of December 31, 1937, the Carrs Fork Coal Company had a deficit of not less than $18,182.46. 9. On the date of the dividend paid by the Carrs Fork Coal Company in the years 1938 and 1939, referred to in paragraphs 4 and 5 above, the Carrs Fork Coal Company had issued and outstanding 3,836 shares in 1938 and 3,829 shares in 1939, of its capital stock, of which 6,135 1/2 shares were owned of record by petitioners Oscar R. Micklethwait and Laura A. Micklethwait, and 305 shares were owned of record by petitioner Frank E. Wood. [This paragraph of the stipulation is unintelligible.] The minutes of the meeting of the stockholders of the Carrs Fork Coal Company held May 4, 1938, read as follows: The following action was taken and the following Resolution was adopted at the annual meeting of the stockholders of The Carrs Fork Coal *266 Company, held on May 4, 1938: The Chairman next announced that since it is the opinion of our Directors that as our property becomes exhausted we should reduce our capital liability in proportion therewith, and since our engineers estimate that our property is now more than 25% depleted, it is recommended that a 5% liquidating dividend be paid at this time to all holders of the capital stock of the company, as of April 15, 1938, whereupon Mr. M. E. Dunn offered the following resolution which was seconded by Mr. A. O. Scott and unanimously carried: Resolved, That since by the retirement of the 240 shares of the common capital stock of the company, which has been duly authorized by resolution, the total issued and outstanding common capital stock of the company still remains at $383,600.00, and since it is the opinion of our engineers that our property is now more than 25% depleted, and since it is the opinion of our officers that our capital liabilities should be reduced in proportion with the depletion of the property, therefore, let it be ordered that the directors be and are hereby authorized to instruct the officers to set aside the sum of $19,180 into a special account with the *267 Security Central National Bank & Trust Co. of Portsmouth, Ohio, for the exclusive use and purpose of paying a liquidating dividend in the amount of 5% on the remaining issued and outstanding common capital stock of this company, to the holders of said common capital stock as of record April 15th, 1938; and further that the President, Secretary and a majority of the directors be hereby authorized and directed to sign and acknowledge the amendment to the articles of incorporation showing such decrease in the par value of the common capital stock, thus reducing same from $100.00 per share, its present value, to $95.00 per share; and further, that the proper officers of the company be, and are hereby authorized to issue a call to all of the holders of the common capital stock as of record of April 15th, 1938, to forward their respective certificates to the trust officer of the Security Central National Bank and Trust Co. of Portsmouth, Ohio, for the purpose of endorsing said certificates giving notice to the public, of the payment of said liquidating dividend, and the corresponding reduction in the value of said certificate, after which said certificate together with check accompanying *268 same, shall be returned to the holders of the said common capital stock by the Trust Officer of the Security Central National Bank & Trust Co. of Portsmouth, Ohio; and further, that the proper officers of the company be given authority to appropriate sufficient additional funds, as may be necessary to cover the incidental expenses incurred in connection with the handling of this matter between the trust officer of the Security Central National Bank & Trust Co. and the holders of the common capital stock of this company; and further, that the endorsement that shall be applied to each and every stock certificate shall read as follows: "This is to certify that a 5% liquidating dividend, amounting to $ has been paid on this certificate on 1938, thereby reducing the par value of said certificate accordingly." Trust Department, The Security Central National Bank & Trust Co.
Trust Officer Dated at Portsmouth, Ohio, 1938. The resolution of the directors of the company, adopted May 25, 1938, was as follows: The President then called to the attention of the Board a copy of the Resolution as passed by the stockholders in their annual meeting held at Allock. Kentucky, on May 4th, *269 1938, wherein authority was given to the Directors for the payment of a five per cent (5%) liquidating dividend on the common capital stock of this company to holders of said stock as of record of April 15th, 1938, whereupon Dr. O. R. Micklethwait presented the following resolution for consideration: Resolved, that whereas the stockholders of this company, in a meeting duly constituted under the laws of the State of Kentucky, with more than two-thirds of the issued and outstanding common capital stock voting affirmatively, did adopt a resolution instructing the directors of this company, to authorize the proper officers to prepare and pay a five per cent (5%) liquidating dividend to the holders of such common capital stock as of record of April 15th, 1938. Now, Therefore, let it be ordered that the Treasurer and Auditor be hereby empowered to deposit the sum of $19,180.00 in a special fund at the Security Central National Bank and Trust Co., of Portsmouth, Ohio, for the sole use and purpose of paying a 5% liquidating dividend on the issued and outstanding common capital stock of the company, to the holders of said stock as of record of April 15th, 1938, and that the Secretary be *270 instructed to issue a call to all such holders of the common capital stock, to forward their certificates to the Trust Department of The Security Central National Bank & Trust Co., of Portsmouth, Ohio, for the purpose of endorsing said certificate giving notice to the public, of the payment of said 5% liquidating dividend, and the corresponding reduction in the par value of said stock; and further that the same officers be empowered to appropriate sufficient additional funds as may be necessary to defray the incidental expenses that may be incurred in connection with the handling of this matter, as well as to execute any and all details that may become necessary in the completion of this transaction, it being understood that all checks drawn against this special fund are to be signed by the Treasurer, and counter-signed by the Auditor, and then delivered to the Trust Officer of The Security Central National Bank & Trust Co. with instructions to release said checks to holders of the common capital stock, as their respective certificates are submitted for endorsement. Substantially similar resolutions were adopted in 1939. It was developed by oral testimony at the hearing that at the *271 time of the payment of the 1938 dividend, application was made to the Secretary of State of Kentucky and the Articles of Incorporation of the company were amended to reduce the par value of the stock from $100 to $95. At the same time all stock certificates were recalled and an endorsement made on each certificate to the effect that a liquidating dividend had been paid and the par value of the stock was reduced to $95. In 1939 the Articles of Incorporation were again amended by filing a certificate with the Secretary of State and the par value of the stock was reduced to $90. The stock certificates were again called in and an endorsement reducing the par value from $95 to $90 was placed on them. [Opinion] Petitioners correctly state that whether a distribution is a liquidating dividend is essentially a question of fact and on the above facts they ask us to hold that respondent erred and that the distributions were liquidating dividends. With this request we cannot comply. The distributions in question were liquidating dividends neither in fact nor in law. In our opinion the facts in the instant cases cause them to fall within the rule enunciated in Mabel I. Wilcox, 43 B.T.A. 931, *272 and John K. Berretta, 1 T.C. 86. Under the evidence before us there was neither a distribution "in complete cancellation or redemption of a part of its stock" nor was there "a series of distributions in complete cancellation or redemption of all or a portion of its stock" as those terms are used in section 115 (i) of the Revenue Act of 1938. The name by which a distribution is called in a corporate resolution is not controlling. We must look to all the evidence for confirmation or refutation. When this is done, we find nothing to confirm the inference attaching to the word "liquidating". Such evidence as we have all tends to establish the contrary contention. There is no evidence of a plan to liquidate the business of the corporation or to curtail its operations substantially. From the fact that the coal deposits then owned by petitioner were 25 per cent depleted it does not follow that petitioner will not acquire other local property to replace the depleted acreage. We can not find from the evidence that petitioner was liquidating its business. It will be noted that the corporation had net income as of the close of each year 1938 and 1939. Although *273 it is not established by the record, we infer from the briefs of the parties that the Commissioner limited his findings that the distributions constituted taxable dividends to the extent of earnings and profits available. The record before us does not establish error in such determination. We consequently hold that the distributions made in 1938 and 1939 by the Carrs Fork Coal Company constituted taxable dividends to the extent of earnings and profits of the company for each of such years. Decision will be entered under Rule 50.